IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Fred R. Halcomb, Jr., | ) | Case No.: 8:22-cv-1877-JD-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden Truitt, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) of the District of South Carolina.[1]  (DE 46.)  Petitioner Fred R. Halcomb, Jr.  ("Petitioner" or "Halcomb"), proceeding *pro se,* filed a Petition for a writ of habeas corpus action under 28 U.S.C. § 2254 against Respondent Warden Truitt ("Respondent" or "Warden").  Halcomb contends he was denied due process because "the state failed to disclose material, exculpatory, impeachment and mitigation information to trial counsel" and because he was denied effective assistance of trial counsel for these reasons:  "failing to object to the direct prejudice of a large amount of law enforcement in and outside the courtroom for the duration of Petitioner's trial[,]" "fail[ing] to object to the requirement of Petitioner to wear a stunbelt to restrain him for the entire trial[,]" and an "overall ineffective assistance of counsel that failed to perform his duties in a cumulative effect."  (DE 1, pp. 5, 16, 19, 25.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

On October 12, 2022, Respondent filed a Return to the petition and a Motion for Summary Judgment seeking to dismiss Halcomb's Petition as either procedurally defaulted[2] or otherwise failing to satisfy his burden for relief under the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") double-deference standard of review.[3] (DE 23.) Under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 25.) Petitioner filed a Response to Respondent's Motion for Summary Judgment on January 17, 2023 (DE 39), and Respondent filed a Reply on January 24, 2023 (DE 40.) Along with its reply, Respondent moved to strike the exhibits Petitioner included with his response to the motion for summary judgment.[4] (DE 41.) The Report was issued on July 31, 2023, recommending

---

[2] "Procedural default generally occurs when a petitioner pursues all of his or her state court appeals but fails to raise *federal* claims until he or she files a federal petition, or when a petitioner fails to pursue all of his or her state appeals in a timely manner." 39 C.J.S. Habeas Corpus § 39 (June 2013 update) (emphasis added).

[3] A claim adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of" clearly established federal law as decided by the United States Supreme Court, or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d). However, for this standard to apply, a federal habeas petitioner first must exhaust his federal law claims by presenting them to the highest state court with jurisdiction to decide them. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).

[4] Petitioner filed a response to the motion to strike on February 14, 2023. (DE 44.) But Section 2254(e)(2) limits a habeas petitioner's ability to expand the record beyond the state court record. A petitioner must show his claim relies on either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or a "factual predicate that could not have been previously discovered through the exercise of due diligence" and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). Petitioner's exhibits were all available prior to his trial or, at the latest, prior to his PCR hearing. Petitioner fails, therefore, to show that any of the information contained in the exhibits could not have been previously discovered, and the Court grants Respondent's motion to strike without further discussion here.

Respondent's Motion to Dismiss and Motion to Strike be granted. (DE 46.) Petitioner objected to the Report.[5]

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates here without a complete recitation. However, as a brief background relating to the objections raised by Petitioner, the Court provides this brief procedural summary.

In November 2004, Petitioner and a co-defendant Luzenski "Allen" Cottrell were indicted for the murder of Jonathan Love ("Love"). (DE 23.) They were tried together before the Honorable J. Michael Baxley in August 2005, and the jury found both parties guilty under the "hand of one is the hand of all" theory of accomplice liability. Judge Baxley sentenced them to life in prison. (Id.) Petitioner was represented at trial by attorney Scott Bellamy ("Trial Counsel").

After Halcomb's 2005 conviction and sentence, he filed a timely notice of appeal, and the South Carolina Court of Appeals affirmed the conviction and sentence on March 11, 2009. After that, Halcomb pursued post-conviction relief ("PCR"), alleging multiple instances of ineffective assistance of trial counsel, including his current allegations of failing to object to the increased security presence at the courthouse and the use of a stun belt and violations of Brady v. Maryland, 373 U.S. 83 (1963). (Id.) Judge Brown denied Petitioner's application and dismissed the action on February 14, 2019. Petitioner's PCR counsel moved to alter or amend the order of dismissal, and Judge Brown denied that motion on March 22, 2019. (DE 23-8, p. 9.) Petitioner timely appealed to the South Carolina Supreme Court. (DE 23-10.) The South Carolina Supreme Court

---

[5] Petitioner filed a motion for an extension of time of 30 days to object to the Report on August 17, 2023. (DE 48.) The Court directed the Respondent to file a response to this motion on or before August 28, 2023. Respondent did not respond, and Petitioner filed an objection on September 5, 2023. Accordingly, the Court deems the objection as timely filed and terminates the motion as it is moot.

transferred the matter to the Court of Appeals (DE 23-13), which denied certiorari on March 31, 2022 (DE 23-14).  The matter was remitted to the lower court on April 25, 2022.  (DE 23-15.)

Petitioner filed this Petition for writ of habeas corpus on June 14, 2022, raising these grounds and supporting facts, quoted substantially verbatim:

> **GROUND ONE:** Petitioner was denied due process of law in violation of the Sixth and Fourteenth Amendments of the United States Constitution when the state failed to disclose material, exculpatory, impeachment and mitigation information to trial counsel, that was required to be disclosed to Petitioner.
>
> *Supporting facts*: Petitioner is being held unlawfully and in violation of his constitutional right to due process due to Horry County ex-solicitors Hembree and Humphries' direct act of withholding the only exculpatory and material evidence that was favorable to Petitioner's innocence, by withholding both a signed proffer agreement entered into by Hembree, McCray and McCray's lawyer Candice Lively entered into on February 13, 2004 and a statement made by state witness Vander McCray[6] to the ex-solicitor Hembree's investigator Dale Long on March 11, 2004.
>
> **GROUND TWO:** Petitioner was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution by failing to object to the direct prejudice of a large amount of law enforcement in and outside the courtroom for the duration of Petitioner's trial.
>
> *Supporting facts*: Petitioner's trial counsel failed to object and contemporaneously preserve the direct prejudice of a large amount of armed and in uniform deputies and several law enforcement in tactical gear with assault rifles, as well as the Horry County deputies carrying shotguns while escorting Petitioner from the five-vehicle convoy into the courthouse in a red jumpsuit, three sets of handcuffs, black box, shackles, and hobble chain in front of the entire two-hundred and fifty jury venire waiting outside the courthouse by a tree some twenty feet from Petitioner being escorted.
>
> **GROUND THREE:** Petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel failed to object to the requirement of Petitioner to wear a stunbelt to restrain him for the entire trial.

---

[6] Vander McCray ("McCray") was in lock-up with Petitioner's co-defendant Cottrell and claimed Cottrell confided in him about his crimes, including Love's murder.  McCray executed a proffer agreement on February 13, 2004, indicating, among other things, Cottrell lured Love to an area in Marion County and had Love dig a grave for someone Cottrell was to kill.  MrCray reported that Cottrell admitted he shot Love in the head and chest once and admitted that only he and Love were present when Love was murdered.

4

*Supporting facts*: Petitioner was in a stunbelt that transmits 50,000 volts of electricity into the Petitioner if one switch is pressed on the remote one of the five Horry County deputies possesses with full discretion to electrocute Petitioner for any reason he decides.

**GROUND FOUR:** Petitioner was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution for an overall ineffective assistance of counsel that failed to perform his duties in a cumulative effect.

*Supporting facts*: Petitioner has addressed several separate ineffective assistance of counsel herein this petition and has addressed each particular ground for relief that were prejudice to Petitioner. Without waiving Petitioner's contention that each instance, by itself, merits relief, Petitioner points out that when assessing prejudice, this court must consider all of the instances of prosecutorial misconduct and ineffective assistance of counsel which the court finds to have been established together, thus prejudice ensued and counsel was deficient—showing a reasonable probability of a different outcome.

(DE 1, pp. 5, 16, 19, 26.)

## DISCUSSION

On September 5, 2023, Petitioner objected to the Report. (DE 51.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). Absent specific objections to the Report and Recommendation of the magistrate judge, this

5

court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Petitioner has raised the following specific objections to the Report in response to Grounds One, Two, and Three. As for Ground One, which essentially raises Brady concerns, Petitioner challenges three statements made in the Report: 1) that McCray's statements were not exculpatory (DE 51 at 2 (citing DE 46 at 19)); 2) the "reassertion of previous argument[s] is not enough to show the PCR court's decision is unreasonable[]" (id. at 4 (citing DE 46 at 22)); and 3) whether the failure to disclose McCray's testimony would have changed the government's theory of the case (id. at 6-7 (citing DE 46 at 20, 23)). See Brady v. Maryland, 373 U.S. 83 (1963)(A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused.). To begin with, the Report ably and comprehensively identifies the standard this court applies for a habeas petition. Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication,

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington v. Richter, 562 U.S. 86, 101–

02 (2011) (internal citation omitted). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

That said, Petitioner's objections to Ground One fail to meet this standard. For instance, Petitioner's first objection to Ground One indicating the Report said McCray's statements were not exculpatory (DE 51, p. 2 (citing DE 46 at 19)) is incorrect. Instead, the Report said: "[a]t the PCR hearing, Petitioner argued McCray's statement was exculpatory because it showed Cottrell had an independent motive to kill Love and confirmed Petitioner was not there when Love was shot." (DE 46, p. 19.) While the PCR Court made a finding that "[Petitioner] failed to meet his burden to establish the interview report constituted material exculpatory information under Brady . . ." (id. at 22), the Report did not. And so, this objection is overruled. Next, Petitioner challenges the Report's admonition that Petitioner's "reassertion of previous argument[s] is not enough to show the PCR court's decision is unreasonable[]" (DE 51 at 4 (citing DE 46 at p. 22)). The Report states:

> In his habeas petition, Petitioner continues to assert McCray's statement was material and its exclusion prejudicial because it contradicted the state's evidence placing Petitioner at the car with Lawson, close to where Cottrell shot Love. [Doc. 1 at 9–14.] Petitioner argues the jury could have weighed McCray's statement against Lawson's testimony and possibly found McCray more credible because Lawson admitted to lying 'in multiple statements' and provided inconsistent testimony.

(DE 46, p. 22.) The Report correctly notes that under Brady, "the materiality inquiry is not just a matter of determining whether, after discounting the inculpatory evidence in light of the undisclosed evidence, the remaining evidence is sufficient to support the jury's conclusions." Strickler v. Greene, 527 U.S. 263, 290 (1999). "Rather, the question is whether 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" Id. Under this standard, the Report notes:

7

> The PCR court reasonably conclude Petitioner failed to meet this standard. Even if McCray's statement had been introduced at trial and had clearly indicated Petitioner was not anywhere near the crime scene, and if the jury had believed the statement over Lawson's testimony, the theories of the case would have remained the same. The state never sought to prove that Petitioner shot Love.

(DE 46, p. 22.) This court agrees with this conclusion after a de novo review of the record. Since the State court's ruling did not result in a decision based on an unreasonable determination, this Court overrules the Petitioner's Second and Third objections to Ground One.

As for Ground Two, where Petitioner questions law enforcement's presence at his trial, Petitioner objects to four matters: 1) whether he has met the Strickland standard for unreasonableness (DE 51 at 9 (citing DE 46 at 25)); 2) whether he admitted to disciplinary infractions for possession of contraband and a knife in his cell (id. at 11 (citing DE 46 at 25)); 3) whether he has presented "stark and clear" error by the PCR court (id. at 12 (citing DE 46 at 31); and 4) whether the PCR court unreasonably applied Strickland (id. at 14 (citing DE 46 at 32).[7]

The Report comprehensively sets forth the standard for this objection. (DE 46 at 24.) For context, as stated in the Report, in Strickland v. Washington, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for

---

[7] As for Petitioner's objection about the knife in his cell, the Report states, "Petitioner stated the amount of security was overkill because he was not dangerous and had not attempted to escape. (Citation omitted.) However, on cross-examination, Petitioner admitted he had disciplinaries for possession of contraband and that a knife had been found in his cell." (DE 46 at 25, citing DE 23-4, p. 169:1-15.) Upon review, Petitioner did not admit to these facts. Rather, Petitioner admitted a knife was found in a three-person cell that he occupied, but no one claimed ownership of the knife. (DE 23-4 at 169:5-6.) And so, Petitioner's objection is sustained on this point. This does not change the outcome.

counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in Strickland—"[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Richter, 562 U.S. at 101. "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Id.; see also Yarborough v. Gentry, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Consequently, a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

Petitioner's first, third, and fourth objections in Ground Two hinge on the testimony of Danny Barker ("Barker"), who oversaw the Marion County probation and parole field office at the time of Petitioner's trial and others. Petitioner summarizes the testimony by saying "there [were] more armed law enforcement present for this particular trial [than] any other they previously attended/worked." (DE 51, p. 9.) The PCR court held

> all who have a duty to ensure [Petitioner] received a fair trial, provided credible testimony that shows enhanced security was necessary under the circumstances, but it was not of the nature that impeded [Petitioner's] right to a fair trial. This Court finds their testimony credible and gives it great weight. . . . the co-defendant was

9

>on death row and a significant escape risk, [Petitioner] and co-defendant collectively were accused of three murders and an attempted arson that seemed to be an attempted murder, they both had contacts with the criminal elements of their county and, as Senator Hembree points out, [Petitioner] had the ability to recruit people for his criminal plans. . . . Under these circumstances, heightened security was warranted. However, based on the evidence presented, this Court does not believe it impacted [Petitioner's] ability to receive a fair trial; this Court finds [Petitioner] has not met his burden of proving so. This Court finds the security provided during trial was not inherently prejudicial. Holbrook v. Flynn, 475 U.S. 560 (1986).

(DE 46 at 29.) The Court concludes that Petitioner cannot meet the AEDPA standard regarding the PCR court's findings. The PCR court correctly relied on and applied the Supreme Court's holdings in Strickland and Holbrook v. Flynn. A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 562 U.S. at 101. That standard has been met, so Petitioner's first, third, and fourth objections to Ground Two are overruled.

As to Ground Three, which challenges using a stun belt on Petitioner at trial and his counsel's failure to object to the same (DE 51 at 15-16), Petitioner objects to the Report indicating he failed to show the PCR court's decision unreasonably applied controlling Supreme Court precedent or relied on an unreasonable interpretation of the facts. (DE 46 at 36.) As noted in the Report, "the issue before the Court at this juncture is whether the PCR court reasonably concluded Trial Counsel was not ineffective for failing to object to the use of the stun belt and request a hearing." (Id. at 35-36.) "Omitting a motion directed to [a] stun belt is not the sort of inexplicable omission that renders even an apparently sturdy defense so deficient that the representation as a whole fell below an 'objective standard of reasonableness.'" Bland v. Hardy, 672 F.3d 445, 451 (7th Cir. 2012) (quoting Strickland, 466 U.S. at 688). Although Petitioner raises several equitable arguments about why the stun belt was unnecessary, the PCR court's interpretation of the facts and Petitioner's disagreement with the same are not enough to show the court's findings, which

10

the record supports, are unreasonable or unreliable. See 28 U.S.C. § 2254(e)(1) (state court factual findings, including credibility determinations, are presumed correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence); Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). And so, Petitioner's objection is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report (DE 46) and incorporates it by reference as modified here.

It is, therefore, **ORDERED** that Respondent's Motion to Strike (DE 41) is granted, Respondent's Motion for Summary Judgment (DE 24) is granted, and Halcomb's Petition is dismissed; further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 26, 2023

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.